Brian D. Boydston (State Bar No.155614)
James C. Sun (State Bar No. 188714)
**PICK & BOYDSTON, LLP**
10786 Le Conte Avenue
Los Angeles, California 90024
Telephone: (213) 624-1996
Facsimile: (213) 624-9073
Email:     brianb@ix.netcom.com
           jsun@pickandboydston.com

Attorneys for Defendant Krua Thai Group, Inc.
(sued erroneously herein as Krua Thai Restaurant)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CARMEN JOHN PERRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KRUA THAI RESTAURANT, a business of unknown form; LILLIAN SASSON, an individual and trustee of THE LILLIAN SASSO TRUST, U/T/A OF DECEMBER 13, 1990; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-7407 CJC(SKx)<br><br>**DEFENDANT KRUA THAI GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>[DEMAND FOR JURY TRIAL] |

Defendant Krua Thai Group, Inc. (sued erroneously herein as Krua Thai Restaurant)(hereinafter "KTGI"), by and through the undersigned counsel, hereby answers Plaintiff's Complaint, and admits, denies, and alleges as follows:

1. In answering Paragraph 1 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

2. In answering Paragraph 2 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without

1

sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

3. In answering Paragraph 3 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same. KTGI admits that it entered into a lease agreement with an individual named Lillian Sasson for the property located at 13130 Sherman Way, North Hollywood, CA 91605, which property is operated by KTGI as a restaurant (hereinafter, the "Property").

4. In answering Paragraph 4 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same. KTGI admits that entered into a lease agreement with an individual named Lillian Sasson for the Property.

5. KTGI admits that it owns, operates, and controlled the restaurant located at the Property on August 14, 2018.

6. KTGI admits that it currently owns, operates, and controls the restaurant located at the Property.

7. In answering Paragraph 7 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

8. In answering Paragraph 8 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

9. In answering Paragraph 9 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without

sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

10. KTGI admits that venue is proper in this Court with respect to Plaintiff's ADA claims against real property that is located in this district. The remaining allegations in this Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and, therefore, denies the same.

12. In answering Paragraph 12 of the Complaint, KTGI admits the allegations contained therein.

13. In answering Paragraph 13 of the Complaint, KTGI admits the allegations contained therein.

14. In answering Paragraph 14 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same. The Property is a shopping center and the parking spaces are a common area available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking lot, and therefore denies that it is responsible in any way for parking space compliance with the ADA.

15. In answering Paragraph 15, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the sidewalks and curb ramps, and therefore denies same. The Property is a shopping center and the sidewalks and curb ramps are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the sidewalks or curb ramps, and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the

3

truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

16. In answering Paragraph 16 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

17. In answering Paragraph 17 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same. The Property is a shopping center and the parking spaces are a common area available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking lot, and therefore denies that it is responsible in any way for parking space compliance with the ADA.

18. In answering Paragraph 18 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the

4

allegations contained therein, and therefore denies same. The Property is a shopping center and the parking spaces are a common area available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking lot, and therefore denies that it is responsible in any way for parking space compliance with the ADA.

19. In answering Paragraph 19, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, curb ramps, and cross slopes, and therefore denies same. The Property is a shopping center and the parking spaces, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA.

20. In answering Paragraph 20 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and, therefore, denies the same.

21. In answering Paragraph 21 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and, therefore, denies the same.

22. In answering Paragraph 22 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and, therefore, denies the same.

23. In answering Paragraph 23, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns,

controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

24. In answering Paragraph 24, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as

DEFENDANT KRUA THAI GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
D:\Docs\G-m\ktgi4.perri.ans1

to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

  25. In answering Paragraph 25 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

  26. In answering Paragraph 26, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the

7

truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

27. In answering Paragraph 27 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained therein and, therefore, denies the same.

## FIRST CAUSE OF ACTION

### (Violations of the Americans With Disabilities Act of 1990, 42 U.S.C. §1281 et seq.)

28. In answering Paragraph 28 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

29. Plaintiff merely recites sections of the ADA which require no response and the provisions of the ADA speak for themselves.

30. Plaintiff merely states legal conclusions which require no response and the provisions of the ADA speak for themselves. Further, in answering Paragraph 30, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces,

8

sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA.

31. Plaintiff merely recites sections of the CFR which require no response and the provisions of the CFR speak for themselves.

32. In answering Paragraph 32 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

33. In answering Paragraph 33 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations

9

contained therein and, therefore, denies the same.

## SECOND CAUSE OF ACTION

### (Violation of the UCRA, California Civil Code §51 et seq.)

34. In answering Paragraph 34 of the Complaint, no allegations are asserted as to KTGI; however, if it is deemed that an allegation is asserted, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein, and therefore denies same.

35. Plaintiff merely states legal conclusions which require no response and the provisions of the UCRA speak for themselves. Further, in answering Paragraph 35 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the

1 | allegation as to the "grab bar behind the water closet," as it is unsure of whether
2 | "water closet" refers to a restroom or a toilet, and therefore denies same.

3 |   36. Plaintiff merely states legal conclusions which require no response and the provisions of the UCRA speak for themselves. Further, in answering Paragraph 36 of the Complaint, KTGI is without sufficient knowledge or information to form a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same.

  37. Plaintiff merely states legal conclusions which require no response and the provisions of the UCRA speak for themselves. Further, in answering Paragraph 37 of the Complaint, KTGI is without sufficient knowledge or information to form

a belief as to truthfulness of the allegations contained therein as to the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies same. The Property is a shopping center and the parking spaces, sidewalks, curb ramps, and cross slopes are common areas available for use of patrons visiting the multiple businesses located at the shopping center. KTGI denies that it owns, controls, or maintains the parking spaces, sidewalks, curb ramps, and cross slopes and therefore denies that it is responsible in any way for the compliance of same with the ADA. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the round door knob, as the location of the door knob is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the sink, as the location of the sink is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the hand dryer, as the location of the hand dryer is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the towel dispenser, as the location of the towel dispenser is not specified, and therefore denies same. KTGI is without sufficient knowledge and information to form a belief as to the truthfulness of the allegation as to the "grab bar behind the water closet," as it is unsure of whether "water closet" refers to a restroom or a toilet, and therefore denies same. KTGI denies that it has, prior to being served with the Complaint, been put on actual or constructive notice that the Property is allegedly inaccessible to Plaintiff and denies that it has intentionally discriminated against Plaintiff.

## ANSWER TO ALL ALLEGATIONS

38.     All other allegations not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

KTGI asserts the following affirmative defenses to Plaintiff's Complaint:

1.      KTGI incorporates by reference those affirmative defenses enumerated

in the *Federal Rules of Civil Procedure* as if set forth fully herein. In the event further investigations or discovery reveals the applicability of any such defenses, KTGI further reserves the right to seek leave of Court to amend its answers and assert same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

2. As a separate defense, and in the alternative, KTGI alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted against KTGI.

3. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are moot.

4. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred by the applicable statute of limitations.

5. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that the Court lacks supplemental jurisdiction over Plaintiff's state law claim.

6. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred because, with respect to any particular architectural element of the Property that departs from accessibility guidelines, the Property has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the Property.

7. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred because the claimed violations are de minimis, and non-actionable because they do not materially impair Plaintiff's use of the Property for an intended purpose.

8. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred because the barrier

removal(s) Plaintiff seeks are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. §12181(9) and are not required by the ADA, the ADAAG, or California Title 24 Building Code requirements.

9.  As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

10. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that KTGI has made good-faith efforts to comply with the ADA and the UCRA.

11. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff has failed to mitigate his damages, if any.

12. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims are barred to the extent that they interfere with KTGI's compliance with laws and regulations that are equally applicable to all persons.

13. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that the imposition of statutory minimum damages in this matter would violate KTGI's Eighth Amendment protection against excessive fines in violation of the U.S. and California Constitutions.

14. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that the imposition of punitive damages in this matter would violate KTGI's right to due process of law in violation of the U.S. and California Constitutions.

15. As a separate and distinct affirmative defense, KTGI is informed and

believes, and thereon alleges, that KTGI is not responsible for property that is not within its possession, custody, or control.

16. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that any wrongful acts or deprivation of rights alleged in the Complaint were legally caused by third parties other than KTGI, thus barring or diminishing Plaintiff's recovery against KTGI. Additionally, KTGI would be entitled to contribution and/or indemnification from such third parties.

17. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that the claims in the Complaint are barred by Plaintiff's failure to properly exhaust the appropriate remedies and/or perform the necessary conditions precedent.

18. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims in the Complaint fail to state a claim for injunctive and/or equitable relief.

19. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that its alleged acts were not arbitrary or intentional, and/or such acts were in the furtherance of legitimate business interests and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

20. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that its polices and/or practices bear a reasonable relation to commercial objectives appropriate to an enterprise allegedly serving the public and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

21. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that it had no duty to modify, alter, or repair already existing structures and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

22. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that it had no duty to provide a higher degree of care

DEFENDANT KRUA THAI GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
D:\Docs\G-m\ktgi4.perri.ans1

for an individual with an alleged disability than for an individual who is not disabled under the circumstances and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

23. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that its alleged policies are facially neutral and are, therefore, not actionable by Plaintiff.

24. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that there have been no alterations, structural repairs, or additions made since the time-frame proscribed by law as to the areas of the property at issue herein, and/or any such alleged alterations, structural repairs, or additions were made to areas unrelated to Plaintiff's claims. Accordingly, Plaintiff's claims as set forth in the Complaint are barred.

25. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that the requested modifications to its alleged policies, practices, and procedures are so drastic as to require KTGI to significantly alter the nature of the alleged business and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

26. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff lacks standing and/or is not a member of the class intended to be protected by the applicable laws and, accordingly, Plaintiff's claims as set forth in the Complaint are barred.

27. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff's claims as set forth in the Complaint are preempted by other federal and/or state laws.

28. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that its alleged actions and/or inaction us based on its exercise of constitutionally-protected rights, under both the U.S. and California Constitutions and, accordingly, Plaintiff's claims as set forth in the Complaint are

barred.

29. As a separate and distinct affirmative defense, KTGI is informed and believes, and thereon alleges, that Plaintiff failed to suffer the requisite difficulty, discomfort, or embarrassment as set forth in <u>Mundy v. Pro-Thro Enterprises</u>, 192 Cal. App. 4th Supp. 1 (2011). Accordingly, Plaintiff's claims as set forth in the Complaint must fail.

30. As a separate and distinct affirmative defense, KTGI reserves the right to assert defenses under California Civil Code Section 55.56 if warranted by further investigation.

31. As a separate and distinct affirmative defense, KTGI presently has insufficient knowledge or information upon which to form a belief as to whether, as yet unknown, affirmative defenses exist. KTGI reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate to do so.

WHEREFORE, Defendant KTGI, having fully answered the Complaint of Plaintiff herein, prays for judgment as follows:

A. For judgment in KTGI's favor, and against Plaintiff, and that Plaintiff take nothing by way of his Complaint;

B. That KTGI be awarded its attorney's fees and costs incurred herein; and

C. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant KTGI hereby requests a trial by jury.

Respectfully submitted,

DATED: September 27, 2018         PICK & BOYDSTON, LLP

By:    <u>/s/ James C. Sun</u>
BRIAN D. BOYDSTON
JAMES C. SUN
Attorneys for Defendant Krua Thai Group, Inc.

DEFENDANT KRUA THAI GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
D:\Docs\G-m\ktgi4.perri.ans1